Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000451
22-MAR-2017
09:29 AM

NO. CAAP-15-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JORETHA M. WILLIAMS, also known as JORETHA MARIE WILLIAMS,
Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 15-1-1143)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Joretha M. Williams, also known as Joretha Marie Williams (Williams) appeals from the May 13, 2015, Judgment of Conviction and Sentence entered by the Family Court of the First Circuit (Family Court).[1] Williams was convicted of Violation of a Temporary Restraining Order (TRO), in violation of Hawai'i Revised Statutes (HRS) § 586-4 (Supp. 2016).

Williams appeals her conviction for lack of sufficient evidence, based on her argument[2] that the prosecution failed to present sufficient evidence that (1) she "contacted" the complaining witness (Complainant) or (2) she intentionally or knowingly approached within 100 feet of Complainant or 100 yards from his workplace because there was no evidence that she knew Complainant was working for the "Star Beachboys" business.

_____

[1] The Honorable Jeffrey P. Crabtree presided over the consolidated trials in FC-CR No. 15-1-1143--the instant case--and FC-CR No.15-1-1361, also involving Williams, but in which she was acquitted.

[2] Williams also argues that the evidence was insufficient that she violated the part of the TRO requiring her to appear for a hearing on February 20, 2015. However because the prosecution did not rely on this basis at trial, we decline to address it as unnecessary to our decision.

After a careful review of the point on appeal, the arguments made by the parties, the record, and the applicable authority, we resolve Williams's appeal as follows and affirm.

1.    In State v. Batson:

'[s]ubstantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992) (citations omitted).

Complainant obtained a TRO against Williams that, among other things, provided that she (1) not contact the Complainant, (2) not approach or come within 100 feet of the Complainant, and (3) not visit or approach within 100 yards of any place where the Complainant works. Substantial evidence that Williams intentionally or knowingly violated any one of the these provisions of the TRO would provide sufficient evidence to support her conviction. Complainant testified that Williams got about a foot away from his face, and was being very loud and saying obscenities which lasted for ten or fifteen seconds. Complainant also testified that "she, you know, was hindering my, you know, my going about towards the other stand and started yelling at me, and I tried to go around her and she just would -- you know, she'd move whichever direction I'd move and continued to yell at me." That Complainant did not testify to the specific words used by Williams does not negate the fair implication from his testimony that, at a minimum, he heard words he could identify as obscenities.

When viewed in the light most favorable to the prosecution, there was sufficient evidence to prove that Williams intentionally or knowingly violated the TRO by approaching or coming within 100 feet of the Complainant. The prosecution introduced evidence that Williams was served with the TRO, that the TRO was read verbatim to her, and that she signed the TRO. The prosecution also introduced evidence that Williams approached the Complainant and yelled obscenities at him from about a foot away from his face.

2

Assuming, *arguendo* that Williams is correct that some kind of communication was necessary to violate the "no contact" prohibition of the TRO, the Family Court was free to accept Complainant's testimony, and the fair inferences therefrom as credible and as showing that Williams contacted the Complainant. State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact.") (citations and brackets omitted). There was substantial evidence that Williams "contacted" Complainant.

2.    Although Williams concedes that the evidence established she was "in the vicinity" of both Complainant and the Star Beachboys' concession stands, she argues that there was insufficient evidence to support her conviction because the evidence was insufficient to establish that she intentionally or knowingly approached within 100 yards of Complainant's place of work.

As to Complainant's place of work, in addition to Complainant's testimony that Williams approached him while he was working at the Star Beachboys' concessions, Williams also testified that she "walked down to where he would be working," on February 19, 2015. Thus, there was substantial evidence that Williams knew where Complainant's place of work was.

For the foregoing reasons, we affirm the May 13, 2015, Judgment of Conviction and Sentence entered by the Family Court of the First Circuit.

DATED:  Honolulu, Hawai'i, March 22, 2017.

On the briefs:

James M. Yuda,
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3